IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN POWELL                                                                                         PLAINTIFF

v.                                          CASE NO. 4:18-CV-00919-BSM

JEFFERSON COUNTY, *et al.*                                                                  DEFENDANTS

## ORDER

John Powell's motion to alter or amend [Doc. No. 31] is denied and his motion for attorney fees and costs [Doc. No. 32] is granted in the amount of $7,350.00 and $678.50 respectively.

A default judgement was granted to Powell on his Americans with Disabilities Act (ADA) and Family and Medical Leave Act (FMLA) claims because defendants failed to timely answer the complaint. Doc. No. 17. Powell was awarded $20,150 after a damages hearing. Doc. No. 26. Powell now seeks $16,080.00 in attorney fees and $678.50 in costs. Ex. D., Mot. Att'y Fees at 9–10, Doc. No. 32. His request for costs is reasonable; however, his fee request is unreasonable.

In ADA and FMLA cases, prevailing plaintiffs may recover reasonable attorney fees and costs. 29 U.S.C. § 2617(a)(3); 42 U.S.C. §12205. The lodestar method, which is typically employed to determine the reasonableness of attorney fees, multiplies the number of hours reasonably expended by the lawyers' hourly rates. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). A reasonable fee "is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Vines v. Welspun Pipes,*

*Inc.*, 2020 WL 3062384 at *2 (E.D. Ark. June 9, 2020). Lawyers should bill at hourly rates that are commensurate with the prevailing rates billed by lawyers of comparable skill and experience for performing similar legal services in that community. *West v. Border Foods, Inc.*, 2007 WL 1725760 at *2 (D. Minn. June 8, 2007). Additonally, the attorney fees awarded should be comparable to the fees that lawyers would traditionally collect from fee-paying clients. *Hill-Smith v. Silver Dollar Caberet, Inc.*, 2020 WL 4741917 at *1 (W.D. Ark. Aug. 14, 2020). Excessive, redundant, and unnecessary hours should be excluded from a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Powell is requesting reimbursement for $16,080 in attorney fees and $678.50 in costs. Luther Sutter is requesting an hourly rate of $400 and Lucien Gilham is requesting an hourly rate of $350. Ex. A & Ex. B, Mot. Att'y Fees at 3–6, Doc. No. 32. Sutter and Gillham state that they combined to expend 43.2 hours. Ex. D., Mot. Att'y Fees at 9–10, Doc. No. 32. Gillham's hourly rate as first-chair counsel is reasonable; however, Sutter's hourly rate as second-chair counsel is not reasonable given the simplicity of this case. Morever, 43.2 hours is unreasonable given that defendants failed to answer the complaint and a default judgement was entered. For example, Sutter and Gillham collectively billed 19.5 hours in preparation for a damages hearing that lasted approximately one hour and that raised neither complex, nor novel issues. Despite not even attending the damages hearing himself, Sutter billed 7.6 of those hours. Additionally, the two lawyers routinely overbilled for reviewing orders and other court filings, including instances when they each billed 0.3 hours to review court orders

that were exactly two sentences long.  *See* Doc. Nos. 6, 12.

In light of the foregoing, Powell will be reimbursed $5,250 for Gilham's bill, representing fifteen billable hours at $350 per hour.  Powell will also be reimbursed $2,100 for Sutter's bill, representing six billable hours at $350 per hour.  He is awarded $678.50 in costs.

IT IS SO ORDERED, this 11th day of January, 2021.

*[signature]*
UNITED STATES DISTRICT JUDGE